IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE D. KNAUER,<br>**Plaintiff** | : | CIVIL ACTION |
| v. | : | NO. 08-3626 |
| RR DONNELLEY & SONS,<br>**Defendant** | : | |

MEMORANDUM

STENGEL, J.                                                                February 9, 2009

Jane D. Knauer originally filed this *pro se* action against RR Donnelley & Sons, her former employer, in the Court of Common Pleas of Lancaster County. Because the complaint alleges that Miss Knauer was dismissed from her job in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, the defendant timely removed the case here due to this court's original jurisdiction of these federal claims. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") The defendant challenges the sufficiency of Miss Knauer's complaint, and filed a motion for a more definite statement pursuant to Rule 12(e)[1] of the

---

[1] Rule 12(e) provides that "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

Federal Rules of Civil Procedure claiming that Miss Knauer failed to comply with FED.R.CIV.P. 10(b).[2] The defendant also seeks to strike the obscenities from the complaint pursuant to FED.R.CIV.P. 12(f).[3] For the following reasons, I will grant the motion and order the plaintiff to file an amended complaint.

Miss Knauer alleges in her complaint that she is a schizophrenic with bipolar tendencies who for thirteen (13) years was a recipient of SSI benefits. Although the Office of Vocational Rehabilitation helped her attend college and seek employment, Miss Knauer sought and received the job at the defendant company on her own.

During her tenure at Donnelley, Miss Knauer was taking several medications which resulted in various side-effects. For example, one medication caused excessive bleeding. Another caused excess thirst and perspiration. And, yet a third medication caused her to defecate[4] with urgency. Miss Knauer

---

[2] Rule 10(b) provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense."

[3] Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

[4] The defendant complains about Miss Knauer's use of the more vulgar term to describe her symptoms, and asks that I strike it from the complaint. It also points to Miss Knauer's use of the word "jackass" when describing herself for working at Donnelley's. The defendant argues that this use of obscene language detracts from the court's dignity and adds nothing to the substance of the claims.

complains that her former employer refused to provide reasonable accommodations which would alleviate these physical difficulties. She often suffered nosebleeds but had to plug her nose and continue working. Additionally, although she was allowed to have a drink on the line, Miss Knauer was not allowed to replenish her drink until lunch or break time. Miss Knauer also states that she was not permitted to use the bathroom facilities when necessary. Once, Miss Knauer needed to adjust to a new medication, and asked her supervisor for a leave of three days for that purpose. This request was denied. The company also denied her continued requests for reduced hours, and her request for placement on a task force. According to her complaint, these refusals led to more stress and fatigue for Miss Knauer. Eventually, Miss Knauer discussed her problems and disability with the company nurse. The complaint alleges that that conversation is a large part of the reason the defendant sought to fire Miss Knauer.

   The defendant argues that the complaint, a three-page, single-spaced narrative, addresses a number of issues that arose both before and during the plaintiff's tenure with the defendant. These issues, however, are not in numbered paragraphs and some seem to have nothing to do with the plaintiff's causes of action. The defendant requests that I order Miss Knauer to file an amended complaint which complies with Fed.R.Civ.P. 10(b). Such compliance would provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading.

I agree with the defendant that, as written, the complaint does not provide the defendant with a reasonable mode of reference for future pleadings. Additionally, I note that the ADA requires that an individual first file a Charge of Discrimination with the Equal Employment Opportunity Commission and be given notice of a "right to sue" before the individual can file an employment discrimination lawsuit. Miss Knauer fails to mention in her complaint whether she received the required right to sue letter.

Courts are to construe complaints so as to do substantial justice keeping in mind that *pro se* complaints in particular should be construed liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004). Under our notice pleading standards, although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). This does not impose a probability requirement at the pleading stage, but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Accordingly, I will order that Miss Knauer amend her complaint to conform with the requirements articulated in the Federal Rules of Civil Procedure within twenty (20) days of the date of this Memorandum and Order. Failure to comply

4

may result in the dismissal of this case. <u>See</u> FED.R.CIV.P. 12(e). In particular, the plaintiff's amended pleading should set forth, in separately numbered paragraphs, facts as to each claim sufficient to suggest that the plaintiff is entitled to the relief she seeks, as well as a statement of the grounds on which this court may exercise subject matter jurisdiction over the claims. Finally, the plaintiff is reminded to refrain from the use of vulgar language in the amended complaint.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE D. KNAUER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 08-3626 |
| | : | |
| RR DONNELLEY & SONS, | : | |
| Defendant | : | |

## ORDER

**STENGEL, J.**

AND NOW, this 9th day of February, 2009, upon consideration of the defendant's unanswered motion (Document #3), it is hereby ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint consistent with this opinion within twenty (20) days of the date of this Order. Failure to comply may result in the dismissal of this action.

BY THE COURT:

_/s/ Lawrence F. Stengel_
LAWRENCE F. STENGEL, J.